John L. Flynn, J.
This is an action to recover $7,500 due under a written recognition of debt signed by defendant’s testator on September 1,1952 in the offices of Dr. Paul Zahn, attorney at law and notary in Berlin, Germany. Defendant pleads a general denial and several affirmative defenses, three of which, *976 enemy alien status of plaintiff, Statute of Limitations and forgery, were waived at the trial. The sixth defense and counterclaim in the nature of conversion were wholly without proof, as was the amended defense of illegality because of certain alleged German currency laws and, consequently, are considered abandoned. The defenses with which we are concerned then are payment, incapacity and accord and satisfaction.
It appears that the plaintiff is a niece of decedent, who emigrated from Germany to the United States in 1913. He had been befriended by her parents in advancing him 10,000 marks, the quondam equivalent of $2,500. The written instrument sued upon recites:
“I hereby obligate myself to the daughter of my sister Elisabeth Bauer and of her husband Franz Bauer, Mrs. Else Ahl in Berlin-Steglitz, Plantagenstrasse 3, to repay the loan then granted to me with 5% interest per year for the duration of forty years, and, accordingly, acknowledge that I owe Mrs. Else Ahl nee Bauer, in Berlin-Steglitz, the amount of $7,500 USA dollars.
Berlin, September 1,1952.
(signed) John H. Emmerich".
The testator died on May 12, 1953. The defendant, his son and the executor of his will, has refused to recognize this claim.
The defenses of payment and accord and satisfaction are founded on the purchase by the decedent of 31,000 blocked marks from May, 1951 to January, 1952, for which he received a document executed by one Max O’Brien, plaintiff’s uncle, in whose house she was residing, recognizing his obligation to the decedent for the 31,000 marks. The decedent executed an assignment of this obligation to the plaintiff. From the letter of the decedent to the plaintiff, referred to on pages 21 and 22 of Exhibits F and F-l, inter alia, I find that it was the intent of the decedent that plaintiff should receive the obligation due from Max O’Brien, created as aforesaid. This was a separate transaction unrelated in any way to the instrument sued upon.
It is interesting to note that in the proceedings in the German courts it was held that the assignment was valid and that the testator’s estate had no interest therein; also that the defenses therein of undue influence, fraud and incapacity were held to be without merit. Although the court there was concerned with a document executed at the same time as the document in suit before me, the evidence submitted herein leads one to the inescapable conclusion that these defenses are equally without *977 foundation and certainly without proof in the instant action. I find that the decedent created a valid and binding obligation in the subject of this suit. I also find the defendant has failed to sustain any of the defenses interposed.
Judgment is directed for the plaintiff in the sum of $7,500, with interest from September 1, 1952.
Findings of fact and conclusions of law having been waived, this constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.